SABOURI, Appellant,

v.

OHIO DEPARTMENT OF JOB AND FAMILY SERVICES, Appellee.

[Cite as *Sabouri v. Ohio Dept. of Job & Family Serv.* (2001), 145 Ohio App.3d 651.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 01AP–195.

Decided Sept. 18, 2001.

*Jamshid Sabouri, pro se.*

*Betty D. Montgomery,* Attorney General, and *Monique B. Lampke,* Assistant Attorney General, for appellee.

KENNEDY, Judge.

Plaintiff-appellant, Jamshid Sabouri, appeals from a judgment of the Ohio Court of Claims dismissing his complaint as being time-barred by the applicable statute of limitations.

Appellant, proceeding *pro se,* filed a complaint on November 21, 2000, against defendant-appellee, Ohio Department of Job and Family Services, alleging a cause of action for defamation based on e-mails sent by appellee's employees on September 29, 1999. Appellee filed a motion to dismiss in lieu of an answer, asserting that appellant's defamation claim was time-barred by the one-year statute of limitations as provided in R.C. 2305.11(A). Appellant filed a response to appellee's motion to dismiss on December 20, 2000, arguing that his case was a "transferred claim" from the United States District Court for the Southern District of Ohio and that it was subject to equitable tolling. On January 16, 2001, the Ohio Court of Claims granted appellee's motion to dismiss. Appellant filed a timely notice of appeal.

On appeal, appellant asserts five assignments of error:

"1. The Court of Claims of Ohio erred and did not take into consideration the matter *of Equitable Tolling,* in spite of the fact that the case/claim had been originally filed with the U.S. District Court on April 13, 2000 in timely manner. It was transferred and filed in Ohio Court of Claims according to the U.S. District Court, Because of the State immunity matter and the lack of jurisdiction[.] [*Sic.*]

"2. The Court of Claims of Ohio erred and did not take into consideration that the U.S. District Court did not ruled on this case for almost seven months, as I believe this period of time should be tolled[.] [*Sic.*]

"3. In similar situation when the case when petitioner had brought an action within the court of competent jurisdiction the U.S. Supreme Court has accepted the matter of 'Equitable Tolling' and rule that *'lifting the bar of a statute of limitations so as to restore a remedy lost through mere lapse of time is not unconstitutional.'* Cf. *Chase Securities Corp. v. Donaldson,* 325 U.S. 304, 311–312, 65 S.Ct. 1137, 89 L.Ed. 1628. *Pp. 243–244*[.] [*Sic.*]

"4. Further, the Court of Claim of Ohio did not take into consideration other aspects of the claim that as it is a civil action (retaliation, harassment and defamation) against state which is allowed to be pursued within two years of the date of occurrence based on (2743.01 to 2743.20) as indicate in R.C. 2743.16[.] [*Sic.*]

"5. The Court of claim of Ohio erred and did not consider the fact that the Appellees Have violated Internet/communication law by sending and disseminating false, retaliatory, and defamatory information that constitutes also the act of harassment and staking committed by Appellees in accordance to internet/communication law as being traveled across the states. [*Sic.*]"

Appellant is an employee of appellee. Appellant filed a complaint in the United States District Court for the Southern District of Ohio in 1997, raising various claims including employment discrimination and retaliation. During the course of discovery in that case, in March 2000, appellant became aware of the e-mails that are the subject of this claim. Appellant then filed a motion to amend his pending complaint a second time to include new defendants as to his existing claims, as well as raising the claim of defamation based upon the e-mails. In a decision filed October 24, 2000, the Federal District Court denied appellant's motion to amend his complaint to include the defamation and conspiracy to commit defamation claims because that court concluded that it lacked jurisdiction over a state-law claim against the state where the state had not waived its Eleventh Amendment immunity. Appellant then filed this action in the Court of Claims.

We address appellant's five assignments of error together because they are interrelated. Essentially, appellant argues that the Court of Claims erred by dismissing his complaint. We disagree.

This court summarized the standard of review for a motion to dismiss under Civ.R. 12(B) in *Leichliter v. Natl. City Bank of Columbus* (1999), 134 Ohio App.3d 26, 29, 729 N.E.2d 1285:

"A motion to dismiss is procedural and tests the sufficiency of the complaint. *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.* (1992), 65 Ohio St.3d 545, 548, 605 N.E.2d 378, 381. When considering a Civ.R. 12(B)(6) motion to dismiss, a court must presume that all factual allegations of the complaint are true and make all reasonable inferences in favor of the nonmoving party. *State ex rel. Sherrills v. Cuyahoga Cty. Court of Common Pleas* (1995), 72 Ohio St.3d 461, 461, 650 N.E.2d 899, 900. A complaint will not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would warrant relief. *O'Brien v. Univ. Community Tenants Union, Inc.* (1975), 42 Ohio St.2d 242, 71 O.O.2d 223, 327 N.E.2d 753, syllabus."

Additionally, this court indicated that a motion to dismiss is a proper avenue for raising the affirmative defense of the statute of limitations when the bar of the statute of limitations is apparent from the face of the complaint. *Id.* at 32, 729 N.E.2d 1285.

Initially, we note that appellant elected to proceed *pro se* in bringing this action and in pursuing this appeal. It is well established that *pro se* litigants are presumed to have knowledge of the law and legal procedures and that they are held to the same standard as litigants who are represented by counsel. *Kilroy v. B.H. Lakeshore Co.* (1996), 111 Ohio App.3d 357, 363, 676 N.E.2d 171; *Meyers v. First Natl. Bank* (1981), 3 Ohio App.3d 209, 210, 3 OBR 238, 444 N.E.2d 412.

The trial court construed the allegations of appellant's *pro se* complaint as a defamation claim, as did the federal district court when it denied appellant's motion to amend his pending complaint in that court to include this claim. Appellant asserts that his action filed in the Court of Claims also included claims for retaliation, harassment, and defamation, and that the Court of Claims erred by limiting his claim to defamation. However, a review of his *pro se* complaint indicates that his action is based exclusively on defamation and an alleged conspiracy to use state resources (e-mail and the Internet) to commit defamation. The only mentions of retaliation and harassment in the complaint are references to his pending federal case. Moreover, it is clear that appellant brought this claim in the Court of Claims only because the federal district court refused to allow him to amend his pending federal complaint to include it. Thus, even when all reasonable inferences are made in appellant's favor as required by Civ.R. 12(B) on a motion to dismiss, the complaint may be read to assert a cause of action only for defamation. Additionally, appellant's assertion that the actions of appellee violate Internet and communications laws fails because it was raised for the first time on appeal. *State ex rel. Quarto Mining Co. v. Foreman* (1997), 79 Ohio St.3d 78, 81, 679 N.E.2d 706.

Because appellant's cause of action is for defamation, the one-year statute of limitations of R.C. 2305.11(A) applies. Although appellant argues that the statute of limitations for civil actions against the state is two years, R.C. 2743.16 specifically indicates that shorter periods of limitation that apply to similar suits between private parties apply to civil actions against the state. As appellee argues, the statute of limitations begins to run when the allegedly defamatory words are first spoken or published regardless of the aggrieved party's knowledge of them. *Miller v. Ohio Rehab. Serv. Comm.* (1997), 86 Ohio Misc.2d 97, 100, 685 N.E.2d 616. Because the allegedly defamatory e-mail was sent on September 29, 1999, appellant was required to bring this action by September 29,

2000. Thus, it is apparent from the face of appellant's complaint, which was filed on November 21, 2000, that this action is time-barred.

█ Appellant also argues that the Court of Claims erred by not considering the doctrine of equitable tolling because he attempted to amend his federal complaint to include this claim on April 13, 2000, and because the federal district court did not rule on his motion until after the statute of limitations had run. However, as appellee asserts, there is no mechanism to transfer a case from federal district court to the Ohio Court of Claims. Thus, it was incumbent upon appellant, even as a *pro se* litigant, to select the proper court in which to file this action. Appellant had approximately six months from the time of discovery of the e-mails to file this action in the Court of Claims, but he did not file until November 21, 2000.

In addition, the federal case law cited by appellee regarding equitable tolling is inapposite. For example, in *Chase Securities Corp. v. Donaldson* (1945), 325 U.S. 304, 316, 65 S.Ct. 1137, 89 L.Ed. 1628, the Supreme Court of the United States merely held that a retroactive change of the statute of limitations by the Minnesota legislature during the pendency of a lawsuit that resulted in the elimination of a statute-of-limitations defense to a party to the pending litigation did not implicate any constitutional rights. Moreover, Ohio case law that has recognized the doctrine of equitable tolling of the statute of limitations requires a showing of actual or constructive fraud by a party in the form of representations that the statute of limitations was larger than it actually was, promises of a better settlement if the lawsuit was not filed, or other similar representations or conduct. See, *e.g., Livingston v. Diocese of Cleveland* (1998), 126 Ohio App.3d 299, 315, 710 N.E.2d 330. Here, appellant did not aver in his complaint that appellee made any representations or engaged in any conduct that induced appellant to delay in filing his defamation claim. Thus, the doctrine of equitable tolling as recognized by Ohio courts is inapplicable.

Consequently, we conclude that the Court of Claims did not err in dismissing appellant's complaint. Therefore, appellant's five assignments of error are overruled.

Based upon the foregoing reasons, appellant's five assignments of error are overruled, and the judgment of the Ohio Court of Claims is affirmed.

*Judgment affirmed.*

DESHLER and LAZARUS, JJ., concur.