{¶ 1} Defendant-appellant, Pyrotechnics by Presutti, appeals from a decision of the Belmont County Western Division Court awarding judgment in favor of plaintiff-appellee, Ronald Presutti, in the amount of $437.50 with interest and costs.
 {¶ 2} Delphine Presutti is appellant's owner and president. Delphine and appellee are family members. On July 4, 2000, appellee shot a fireworks display in Steubenville, Ohio on behalf of appellant. Either appellee or Delphine hired several assistants to help appellee shoot the display.
 {¶ 3} On June 10, 2002, appellee filed a small claims complaint alleging that, despite numerous requests for payment, appellant had failed to pay for services rendered at the Fourth of July fireworks display. The court held a hearing on the complaint where appellee and Delphine appeared pro se. The two parties were the only witnesses.
 {¶ 4} The court found it was appellant's custom not to pay family members associated with the family fireworks business for shooting a display. However, it also found that non-family members assisted appellee in shooting the Fourth of July display and they should be compensated for performing a valuable service to appellant. Since there was no specific agreement as to payment, the court looked to principles of quasi-contract and quantum meruit. It looked at the high and low pay scales for shooting a fireworks display and took the mean. It then multiplied the mean ($87.50) by the number of assistants (5). The court awarded appellee $437.50 plus interest and costs. Appellant filed its timely notice of appeal on September 13, 2002. Appellant is now represented by counsel; however, appellee is still acting pro se.
 {¶ 5} Appellant alleges three assignments of error, the first of which states:
 {¶ 6} "The trial court committed reversible error in its determination that appellee had standing to file a complaint on behalf of others."
 {¶ 7} Appellant contends appellee lacked standing to file the complaint in this lawsuit because appellee did not have a real interest in the subject matter of the litigation. Appellant asserts that it owed no compensation to appellee individually. It notes there was no evidence that appellee paid the assistants and was entitled to reimbursement. Accordingly, appellant contends appellee had no personal stake in the outcome of the litigation. It also argues that since the court did not order appellee to pay the assistants, the judgment in his favor is unjust enrichment.
 {¶ 8} Appellant never raised the issue of appellee's standing to sue at the trial court level. Thus, this issue is considered waived on appeal. Pro se civil litigants are presumed to have knowledge of the law and legal procedures and we are to hold them to the same standards as litigants who retain counsel. Wesbanco Bank Barnesville v. Balcar, 7th Dist. No. 00-BA-36, 2001-Ohio-3493; Sabouri v. Ohio Dept. of Job Family Serv. (2001), 145 Ohio App.3d 651, 654.
 {¶ 9} However, if we were to consider appellant's alleged error, the outcome would be the same.
 {¶ 10} Civ.R. 17(A) provides:
 {¶ 11} "Every action shall be prosecuted in the name of the real party in interest. An executor, administrator, guardian, bailee, trustee of an express trust, a party with whom or in whose name a contract hasbeen made for the benefit of another, or a party authorized by statutemay sue in his name as such representative without joining with him theparty for whose benefit the action is brought. * * *. No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest. Such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest." (Emphasis added.)
 {¶ 12} In the present case, appellee sued based on a verbal contract and/or a quasi-contract between him and appellant. The agreement was made for the benefit of the assistants, since appellee himself did not expect to be paid for shooting the fireworks show. Thus, according to Civ.R. 17(A), appellee could sue appellant in his name without joining the assistants.
 {¶ 13} Accordingly, appellant's first assignment of error is without merit.
 {¶ 14} Appellant's second assignment of error states:
 {¶ 15} "The trial court abused its discretion, and committed reversible error in its failure to join necessary parties."
 {¶ 16} Appellant argues that since the parties in small claims court do not present their cases through attorneys, it is the trial court's responsibility to recognize when the litigants have not joined a necessary party. It contends that the judgment in this case does not prevent the assistants from bringing their own actions against appellant. Therefore, the assistants could sue appellant even though appellant already litigated the matter.
 {¶ 17} Civ.R. 19(A) provides in pertinent part:
 {¶ 18} "A person who is subject to service of process shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (a) as a practical matter impair or impede his ability to protect that interest or (b) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest, or (3) he has an interest relating to the subject of the action as an assignor, assignee, subroger, or subrogee. Ifhe has not been so joined, the court shall order that he be made a partyupon timely assertion of the defense of failure to join a party asprovided in Rule 12(B)(7). If the defense is not timely asserted, waiveris applicable as provided in Rule 12(G) and (H)." (Emphasis added.)
 {¶ 19} Civ.R. 12(H)(2) provides in pertinent part:
 {¶ 20} "A defense of * * * failure to join a party indispensable under Rule 19, * * * may be made in any pleading permitted or ordered under Rule 7(A), or by motion for judgment on the pleadings, or at the trial on the merits."
 {¶ 21} At no time in the trial court did appellant move for the addition of the assistants as necessary parties. In addition, appellant did not subpoena them as witnesses. Again, we should note, courts are to hold pro se litigants to the same standards as those represented by counsel. Wesbanco, 7th Dist. No. 00-BA-36; Sabouri,145 Ohio App.3d at 654. Thus, appellant has waived further review of this issue. Accordingly, appellant's second assignment of error is without merit.
 {¶ 22} Appellant's third assignment of error states:
 {¶ 23} "The trial court abused its discretion, committed reversible error and ruled against the manifest weight of the evidence in determining that appellee was responsible to pay assistants."
 {¶ 24} Appellant claims the court's decision was against the manifest weight of the evidence. It argues that no evidence was produced that appellee was responsible to pay the assistants. Appellant contends Defendant's Exhibit C shows that it paid the shooters. It asserts the evidence demonstrated that Delphine paid the assistants by paying their training and licensing costs. Finally, it contends that appellee had no authority to hire assistants or pay employees.
 {¶ 25} In reviewing the trial court's decision, this court is guided by the principle that a judgment supported by some competent, credible evidence going to all the material elements of the case must not be reversed as being against the manifest weight of the evidence. C.E.Morris Co. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279, 280. Furthermore, in considering whether the judgment is against the manifest weight of the evidence, it is important that this court be guided by a presumption that the findings of the trier of fact are correct. SeasonsCoal Co., Inc. v. Cleveland (1984), 10 Ohio St.3d 77, 80. A reviewing court should give every reasonable presumption in favor of the trial court's judgment and findings of fact. Karches v. City of Cincinnati
(1988), 38 Ohio St.3d 12, 19. "The trial court is entitled to make its own determination as to the weight of the evidence and, more important, credibility of the witnesses because it is in the best position to observe the witnesses' gestures and voice inflections." Rogers v. Hill
(1998), 124 Ohio App.3d 468, 470.
 {¶ 26} The trial court determined appellee was entitled to recover on principles of quasi-contract and quantum meruit. A quasi-contract is a contract implied in law. Caras v. Green Green (June 28, 1996), 2d Dist. No. 14943; Hummel v. Hummel (1938), 133 Ohio St. 520, 525. Quantum meruit is a remedy often associated with quasi-contracts and means "as much as deserved." Caras, 2d Dist. No. 14943; Sonkin Melena Co.,L.P.A. v. Zaransky (1992), 83 Ohio App.3d 169, 175. A party may recover in quantum meruit where unjust enrichment would result if the recipient of the benefit retained the benefit without paying for it. Sonkin,83 Ohio App.3d at 175. A claim for unjust enrichment exists when the plaintiff demonstrates: (1) a benefit to the defendant conferred by the plaintiff; (2) knowledge by the defendant of the benefit; and (3) retention of the benefit by the defendant under circumstances where it would be unjust to do so without payment. Hambleton v. R.G. Barry Corp.
(1984), 12 Ohio St.3d 179, 183.
 {¶ 27} Competent, credible evidence exists on the record to support the trial court's decision. The evidence revealed appellee and five assistants shot the Fourth of July display. (Tr. 9). Appellee testified that he has been trying to collect payment for his assistants' work for two years and appellant has not paid. (Tr. 5). The custom and practice in the Presutti family is not to pay family members. (Tr. 9). As for the Fourth of July show, Delphine testified she compensated the assistants by paying for their licenses and providing expense money of approximately ten dollars per person. (Tr. 8, 10). However, Delphine also testified she did not pay the assistants. (Tr. 8). Appellee testified the assistants have been paid every other time they have shot a display. (Tr. 12). He testified that his assistants worked hard, shot the display, and they deserved to be paid. (Tr. 13). Delphine testified that her pay range was $50 to $125 per shooter, per show. (Tr. 9, 11). Therefore, the court determined that the value of the assistants' services was $87.50 per assistant.
 {¶ 28} Appellant's argument that Defendant's Exhibit C shows that it paid the shooters is meritless. The exhibit simply lists appellant's payouts for shooters in 2002. None of the shooters shot the Fourth of July show in 2000. Appellant contends this exhibit demonstrated that it paid shooters whom it was responsible for paying. However, this exhibit demonstrates nothing other than what appellant paid certain shooters in 2002.
 {¶ 29} Although Delphine testified she compensated the shooters by way of paying for their licenses and expenses, competent, credible evidence exists on the record from which the court could conclude that appellant should have paid either appellee or the individual assistants. Appellee and the assistants conferred a benefit upon appellant by shooting the Fourth of July show. Appellant accepted this benefit, yet it failed to render payment for the assistants' services. Hence, the trial court's decision is not against the manifest weight of the evidence. Consequently, appellant's third assignment of error is without merit.
 {¶ 30} For the reasons stated above, the trial court's decision is hereby affirmed.
Judgment affirmed.
Waite and DeGenaro, JJ., concur.