**Michael D. WEIKLE, Plaintiff–Appellant,**

v.

**Gary D. SKOREPA, et al., Defendant–Appellees.**

No. 01–4120.

United States Court of Appeals, Sixth Circuit.

July 7, 2003.

Before: BOGGS, SUHRHEINRICH, and SILER, Circuit Judges.

PER CURIAM.

Michael D. Weikle, proceeding *pro se* in this litigation, here appeals a district court order granting a motion brought by the "new" defendants (Squire, Sanders & Dempsey L.L.P. (SS & D) and Bruce Jones, and SS & D partner) to dismiss Weikle's state law claims against them on the grounds that it is barred by the applicable statute of limitations. In the underlying dispute, Weikle claims that his First Amendment rights were violated when the "old" defendants, the mayor and finance director of the City of North Royalton, Ohio, caused him to be terminated from his position with SS & D. Weikle later sought leave to amend his original complaint to include claims for wrongful discharge by SS & D and Jones, the new defendants. However, these claims were ultimately dismissed by the district court as untimely. Weikle argues on appeal that the district court should have equitably tolled the running of the statute of limitations on his state claim. We affirm the district court's decision and hold that the claim against the new defendants was untimely.

I

Weikle was an associate attorney at SS & D, a law firm that served as counsel for the City of North Royalton. While employed by SS & D and a citizen of North Royalton, Weikle volunteered to serve on a commission to review North Royalton's revenues and expenditures and make recommendations based on its findings. Weikle was uniquely qualified to serve on the commission, since he is a Certified Public Accountant and a former National Bank Examiner with substantial financial review experience. When the committee report did not recommend that new taxes be levied and questioned the city officials' dedication to cost-saving measures, the old defendants contacted the plaintiff's law firm and complained.

SS & D had a long-time business relationship with the city and at that time was seeking to represent the city in connection with cable franchise negotiations. The firm, out of an apparent concern for maintaining its good relationship with the Mayor's office, not only caused Weikle to resign from the committee after receiving the complaint, but subsequently is alleged by Weikle to have forced his resignation from the firm on September 15, 1993. The firm was later retained to represent the city in its cable television negotiations.

On June 16, 1994, Weikle filed his original complaint against the old defendants,

Mayor Gary D. Skorepa and Finance Director Christine I. May, claiming that the defendants' actions caused him to be terminated and were in retaliation for exercising his First Amendment rights. On November 18, 1994, the old defendants filed a motion for judgment on the pleadings. On November 17, 1995, Weikle sought leave to add the new defendants, SS & D and Jones, as defendants in this action. The district court first denied Weikle's motion for leave to add the new defendants on February 16, 1996, noting that granting the old defendants' motion for judgment on the pleadings would dispose of the current litigation, rendering Weikle's motion moot. The district court went on to state that if instead the court denied the old defendants' motion, it would "grant [Weikle's] motion to add Squire, Sanders & Dempsey as a defendant." On February 27, 1996, the old defendants filed a motion to dismiss, or for summary judgment. The district court entered an order on March 31, 1996, denying, among other things, without prejudice, Weikle's motion to amend his complaint to add the new defendants. Eventually, on August 19, 1997, the district court granted summary judgment to the old defendants on the basis of qualified immunity. Weikle appealed to this court and we reversed the district court's decision, remanding the case for trial. *Weikle v. Skorepa,* No. 97–4089, 1999 WL 17650 (6th Cir. Jan.5, 1999).

On August 27, 1999, Weikle renewed his motion to amend his complaint to add SS & D and Jones as defendants. On March 31, 2000, the district court denied Weikle's request to renew his motion to amend his complaint insofar as he sought to add federal claims against SS & D and Jones. The district court noted that the federal claims were subject to a two-year statute of limitations, which had begun to run when Weikle resigned on September 15, 1993, and therefore had expired before Weikle had first filed for leave to amend on November 17, 1995. However, the court allowed Weikle to amend his complaint to add a state law claim for wrongful discharge against the new defendants, holding that the state law claim was subject to a four-year statute of limitations that had not expired when Weikle had first sought leave to amend his complaint.

The new defendants moved to dismiss the state law claims, arguing, among other things, that the statute of limitations had expired on Weikle's state law claim during the pendency of his appeal to this court. Weikle argued that the limitations period on his state law claim had been equitably tolled by the trial court's order of February 16, 1996, and was therefore saved.

On March 9, 2001, the district court changed its position as stated in its order of March 31, 2000, and granted the new defendants' motion to dismiss. The court held that since the limitations period on the state law claim expired on September 15, 1997 and Weikle had not asserted this claim against the new defendants until August 27, 1999, the claim was barred. The district court explicitly rejected Weikle's contention that the doctrine of equitable tolling should be applied.

**II**

Generally "we review a district court's decision regarding equitable tolling for an abuse of discretion." *Truitt v. County of Wayne,* 148 F.3d 644, 648 (6th Cir.1998). However, "where the facts are undisputed or the district court rules as a matter of law that equitable tolling is unavailable, we apply the *de novo* standard of review to a district court's refusal to apply the doctrine of equitable tolling." *Dunlap v. United States,* 250 F.3d 1001, 1008 (6th Cir.2001). *See also Amini v. Oberlin College,* 259 F.3d 493, 500 (6th Cir.2001). In

this case, the district court held that the doctrine of equitable tolling was not applicable and there are no facts in dispute. Therefore, according to *Dunlap*, we review *de novo*.

The district court found in its March 2001 order that the statute of limitations on Weikle's state law claims against the new defendants began to run on September 15, 1993, when Weikle was allegedly forced to resign from SS & D.[1] Next the district court properly noted that the applicable statute of limitations for tortious-wrongful-discharge actions in Ohio is four years. Ohio Rev.Code § 2305.09(D); *Painter v. Graley*, 84 Ohio App.3d 65, 616 N.E.2d 285, 291 (Ohio Ct.App.1992). Thus, if equitable tolling is inapplicable in this case, Weikle should have filed his state-law claim against the new defendants prior to September 15, 1997.

The new defendants spend a great deal of time in their brief explaining and supporting the district court's determination that the statute of limitations began to run for Weikle on September 15, 1993, since he was aware of enough operative facts upon which to base a cause of action. Although this was an issue in contention at the district court level, Weikle does not raise this question in his first brief on appeal, instead arguing that the statute of limitations was equitably tolled. We therefore consider this argument to be abandoned on appeal. *See, e.g., Security Watch, Inc. v. Sentinel Sys., Inc.*, 176 F.3d 369, 376 (6th Cir.1999) (holding that generally arguments not briefed on appeal are deemed abandoned or waived). Furthermore, even if we were to address this issue, Weikle would not prevail since the district court opinion adequately addressed this ques-

tion. *See Weikle v. Skorepa*, No. 1:94 CV 1235 at 4–9 (N.D.Ohio Mar. 31, 2000).

### Equitable Tolling

As a preliminary matter, in deciding whether or not equitable tolling is appropriate in this case, it is necessary to determine whether federal or state law applies. We have generally held that "statutes of limitations and tolling principles are governed by state law," *Bowden v. City of Franklin*, 13 Fed.Appx. 266, 272 (6th Cir. 2001), except when dealing with federal claims or in unusual cases where doing so would produce an outcome substantially different from the outcome that would have been obtained in state court. *See Powell v. Jacor*, 320 F.3d 599, 602–03 (6th Cir.2003) (holding that a Kentucky statute of limitations on a state law claim was tolled under federal law because there was a difference between state and federal law in determining when an action commences, which would have produced a substantially different outcome in federal court, had state law been applied). *See also Gasperini v. Center for Humanities, Inc.*, 518 U.S. 415, 427–28, 116 S.Ct. 2211, 135 L.Ed.2d 659 (1996); *Guaranty Trust Co. v. York*, 326 U.S. 99, 109, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945). In this case, both parties assumed, as did the district court, that federal tolling principles applied. However, neither party has asserted that applying state law in this case would result in a substantially different outcome from that in state court and thus the question of tolling is governed by Ohio law.

Ohio courts have rarely invoked the doctrine of equitable tolling and in fact the Ohio Supreme Court has said precious little on the subject, so that our discussion

---

1. Weikle only appeals the district court's decision to grant the new defendants' motion to dismiss his state law claims against them and does not appeal the district court's decision to

deny his request to amend his complaint insofar as he sought to add federal claims against SS & D and Jones. We therefore restrict our discussion to the state law claims.

necessarily focuses on court of appeals decisions instead. Ohio courts of appeals have held that the doctrine of equitable tolling "requires a showing of actual or constructive fraud by a party in the form of representations that the statute of limitations was larger than it actually was, promises of a better settlement if the lawsuit was not filed, or other similar representations or conduct." *Sabouri v. Ohio Dept. of Job & Family Serv.*, 145 Ohio App.3d 651, 763 N.E.2d 1238, 1241 (Ohio App.2001) (citing *Livingston v. Diocese of Cleveland*, 126 Ohio App.3d 299, 710 N.E.2d 330 (Ohio App.1998)). In *Sabouri*, the court declined to apply the doctrine of equitable tolling where the appellant had attempted to amend his federal complaint to include the claim at issue in that case, and by the time the federal district court had ruled on his motion to amend, explaining that the claim had to be brought in state court, the statute of limitations had run. *Ibid.* The court noted that "it was incumbent upon appellant, even as a *pro se* litigant, to select the proper court in which to file [the] action." *Ibid.* In this case, although Weikle accuses the new defendants of obstructing his efforts during discovery at length, he makes no claim that they misrepresented the statute of limitations or fraudulently prevented him from bringing a claim in time. Thus, under the strict standard set forth in *Sabouri*, Weikle would not prevail. Furthermore, *Sabouri* exemplifies the principle that a plaintiff's presence in some court is not enough to provide safety from the statute of limitations. It is also necessary to be diligent in pursuing one's rights by maintaining an awareness of the applicable rules that might otherwise bar one's suit.

Weikle looks to an earlier court of appeals decision to bolster his claim, *Crego v. Baldwin–Lima–Hamilton Corp.*, 1998 WL 80240, (Ohio App.1998). In *Crego*, the plaintiff, who had lost three fingers while operating a Madsen Drum Mixer, sued among others, the Baldwin–Lima Hamilton Corporation (BLH) for having placed a defective product in the stream of commerce, and the Columbus Equipment Company (CEC) for having sold the product. CEC filed a motion for summary judgment, claiming that it was protected from strict liability claims pursuant to Ohio Rev.Code § 2307.78(B), since the manufacturer could satisfy the claim, and specifically stating that the plaintiffs would "be able to enforce a judgment against the manufacturer of the product as there is no evidence or information indicating that the manufacturer is insolvent." The plaintiff subsequently refiled his complaint, omitting CEC, and later discovered that BLH was indeed insolvent. Although Mr. Crego promptly amended his complaint to add CEC as a defendant, the statute of limitations had run out. The Court of Appeals of Ohio decided that the statute of limitations in this case should be tolled, if it could be determined that the plaintiff investigated with due diligence the financial condition of the manufacturer, BLH, and its successor corporations and abandoned efforts to prosecute a claim against CEC on the basis of a "reasonable belief that the manufacturer or its successor corporations were solvent and able to satisfy judgment." *Id.* at *1. The court therefore remanded the case to the trial court to determine whether the plaintiff had investigated BLH's financial condition with due diligence before abandoning his efforts to prosecute a claim against CEC. *Id.* at *6.

Even if we assume, on the basis of *Crego*, that Ohio law permits the application of the doctrine of equitable tolling in cases that do not involve actual or constructive fraud, where the plaintiff has been reasonably diligent in pursuing his claim, Weikle will not prevail, since it is apparent that

Weikle was not diligent in pursuing his state claims against the new defendants.

According to Weikle, he did all that was required of him to preserve his claim by timely filing his motion for leave to amend his complaint to add related state law claims against SS & D in November 1995. However, this does not appear to be the case. It is true that the district court stated in its February 1996 order issued in response to Weikle's motion that if it denied the old defendants' motion for summary judgment, it would "grant [Weikle's] motion to add Squire, Sanders & Dempsey as a defendant," which appears to imply that Weikle should wait for the court to make a determination on the old defendant's motion for summary judgment. Nevertheless, on March 31, 1996, still well within the statute of limitations, the district court issued another order, which directly addressed Weikle's motion to add the new defendants. The court stated in its new order that:

> The Plaintiff filed a motion for leave to file an amended complaint instanter. in which he intends to name the law firm of Squire, Sanders & Dempsey as an additional Defendant (Docket # 67). In its order of February 16, 1996, the court determined that it would grant this motion if Plaintiff prevails on Defendants' latest dispositive motion. As the court awaits final briefing of that motion, it denied Plaintiff's motion to amend his complaint without prejudice to later filing of such a motion.

*Weikle v. Skorepa,* No. 1:94 CV 1235 (N.D.Ohio Mar. 31, 1996). This new order made it quite clear that Weikle's motion had been denied, leaving him with a choice. He could either immediately file an action in state court, asserting his state claims against the new defendants or, as the district court later suggested, he could reassert his motion for leave to amend if and when the court found in his favor on the old defendants' motion for summary judgment.

It was not until August 1997 that the district court granted the old defendants' motion for summary judgment, the decision that Weikle says he had been waiting for as a result of the statements made in the district court's February 1996 order. However, the statute of limitations had *still* not run out on Weikle's state law claims against the new defendants, and he could have filed a claim in state court at that time. Weikle argues that he "should not have been expected to bring an appeal in this action while at the same time filing an identical action in state court. Such a result would be a tremendous waste of judicial resources and unnecessarily expensive to Weikle." Being diligent, however, inevitably creates expense for the plaintiff. Furthermore, there was nothing to stop Weikle from appealing the district court's denial of his motion to amend his complaint at the same time he appealed the district court's order granting the old defendants' motion for summary judgment. This would not have required much additional effort and certainly would not have created a serious burden on judicial resources.

Finally, even if we were to toll the statute of limitations from November 17, 1995, when Weikle first filed a motion for leave to amend his complaint to include the new defendants, to August 19, 1997, when the district court granted the old defendants' motion for summary judgment. Weikle's claim would not be saved, since the period of limitation would have ended on June 18, 1999 and Weikle did not file his motion until several months later, on August 27, 1999.

The fact that Weikle was in and out of court throughout this period and the new defendants aware of Weikle's interest in

pursuing claims against them does not render Weikle unaccountable to Ohio's statute of limitations.

### III

For the reasons given above, we AFFIRM the district court's decision to dismiss Weikle's state law claims against the new defendants.