OPINION *Page 2 
{¶ 1} Although originally placed on our accelerated calendar, we elect, pursuant to Local Rule 12(5), to issue a full opinion in lieu of a judgment entry. Lorraine L. Frankart ("Lorraine") appeals from the July 29, 2008 Judgment Entry of the Court of Common Pleas, Probate Division, of Seneca County, Ohio granting the Executor's motion to dismiss exceptions and dismissing Lorraine's exceptions.
 {¶ 2} This matter arises from the Executor's filing of a final account. The decedent, Miriam Frankart, died testate on March 3, 2007. Lorraine is Miriam's daughter and the Executor, James Frankart, is Lorraine's brother. On March 20, the Executor filed an application to probate will and an application for authority to administer estate in the Seneca County Probate Court. On April 23, the Executor filed a fiduciary's final account and an application for order of distribution pursuant to Ohio Revised Code section 2109.36.[1]
 {¶ 3} On April 23, 2008 counsel for the Executor also filed a Notice of Hearing on Account with the probate court which advised that "[t]he hearing will be held on May 23, 2008 at 10:00 A.M." A copy of the Notice of Hearing on Account was sent to Lorraine by U.S. certified mail and the record reflects that Lorraine signed for this document and that the return receipt card was filed with *Page 3 
the probate court on May 1, 2008. On May 22, 2008 Lorraine filed numerous documents with the probate court, purporting to be exceptions.
 {¶ 4} Also on May 22, 2008 the probate court issued a Notice of Hearing which advised that "[t]his matter is set for hearing before this Court on 6/23/2008 at 10:30 AM." A copy of the Notice of Hearing was sent to Lorraine by U.S. certified mail and the record reflects that she signed for this document and the return receipt card was filed with the court on May 27, 2008.
 {¶ 5} At the June 23, 2008 hearing, the probate court addressed the approval for accounting, application for distribution, and Lorraine's exceptions. Lorraine appeared pro se, and the Executor appeared in person and represented by counsel. During the hearing, counsel for the Executor made an oral motion to dismiss the exceptions on grounds that they were not timely filed in accordance with R.C. 2109.33. Lorraine asked the court for time to retain an attorney and the probate court granted her until July 14, 2008 to have counsel enter a written appearance and file a written response to Executor's motion to dismiss the exceptions. On July 3, 2008 Lorraine's counsel entered a written appearance and on July 14, 2008 counsel filed a memorandum in response to the Executor's motion to dismiss the exceptions. On July 23, 2008 the Executor filed a reply brief.
 {¶ 6} On July 29, 2008 the probate court issued a Judgment Entry granting the Executor's motion to dismiss Lorraine's exceptions and finding that "after *Page 4 
being duly notified as required by law, Lorraine L. Frankart failed to timely file her Exceptions in accordance with R.C. 2109.33."[2]
 {¶ 7} Lorraine now appeals, asserting one assignment of error.
 ASSIGNMENT OF ERROR THE TRIAL COURT ERRED BY NOT PROVIDING APPELLANT AS AN HEIR, LEGATEE AND DEVISEE WITH CONSTITUTIONAL AND STATUTORY PROCEDURAL DUE PROCESS REGARDING O.R.C. 2109.33 NOTICE OF HEARING ON FIDUCIARY'S FINAL ACCOUNT.
 {¶ 8} In her sole assignment of error, Lorraine alleges that the probate court violated her due process rights because the court's Notice of Hearing did not comply with the requirements of R.C. 2109.33. Specifically, Lorraine alleges that the court's May 22, 2008 Notice of Hearing violated her due process rights because it simply announced the date and time of the hearing and did not describe what was to be addressed at the hearing and did not contain the notice specification found in R.C. 2109.33.
 {¶ 9} R.C. 2109.32(A) provides that a fiduciary's account shall be set for hearing before the probate court and shall be set not earlier than thirty days after the filing of the account. R.C. 2109.33 governs the notice of hearing and exceptions to an account and provides as follows: *Page 5 
 A fiduciary may serve notice of the hearing upon his account to be conducted under section 2109.32 of the Revised Code, or may cause the notice to be served, upon any person who is interested in the estate or trust. The probate court, after notice to the fiduciary upon the motion of any interested person for good cause shown or at its own instance, may order that a notice of the hearing is to be served upon persons the court designates.
 The notice shall set forth the time and place of the hearing and shall specify the account to be considered and acted upon by the court at the hearing and the period of time covered by the account. It shall contain a statement to the effect that the person notified is required to examine the account, to inquire into the contents of the account and into all matters that may come before the court at the hearing on the account, and to file any exceptions that the person may have to the account at least five days prior to the hearing on the account, and that upon his failure to file exceptions, the account may be approved without further notice. If the person to be notified was not a party to the proceeding in which any prior account was settled, the notice, for the purpose of barring any rights possessed by that person, may include and specify the prior accounts and all the periods of time covered by them. In that event, the notice shall inform the person notified that the approval of the account filed most recently will terminate any rights possessed by him to vacate the order settling each prior account so specified, except as provided in section 2109.35 of the Revised Code, and shall further inform the person that, under penalty of losing those rights, he forthwith shall examine each prior account so specified, shall inquire into its contents, and if he deems it necessary to protect his rights, shall take the action with respect to his rights that is permitted by law. The notice of the hearing upon an account shall be served at least fifteen days prior to the hearing on the account. Any competent person may waive service of notice and consent to the approval of any account by the court. Waivers of service and consents to approval shall be recorded with the amount.
 Any person interested in an estate or trust may file exceptions to an account or to matters pertaining to the execution of the trust. All exceptions shall be specific and written. Exceptions shall be *Page 6 filed and a copy of them furnished to the fiduciary by the exceptor, not less than five days prior to the hearing on the account. The court for cause may allow further time to file exceptions. If exceptions are filed to an account, the court may allow further time for serving notice of the hearing upon any person who may be affected by an order disposing of the exceptions and who has not already been served with notice of the hearing in accordance with this section.
 A probate court, by local rule, may require that notice of the hearing on a final account be given to all heirs in an intestate estate and to all residuary beneficiaries in a testate estate.
 Any notice that is required or permitted by this section or by any local rule adopted under authority of this section shall be served, and any waiver of the right to receive any notice of those types may be waived, in accordance with the Rules of Civil Procedure. (Emphasis added).
R.C. 2109.33 provides that it is within a trial court's discretion to allow further time to file exceptions. This decision will not be overturned absent an abuse of discretion. An abuse of discretion constitutes more than an error of law or judgment and implies that the trial court acted unreasonably, arbitrarily, or unconscionably.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140. When applying the abuse of discretion standard, a reviewing court may not simply substitute its judgment for that of the trial court.Id.
 {¶ 10} Our review of the record reveals that on April 23, 2008 counsel for the Executor filed a Notice of Hearing on Account with the probate court pursuant to R.C. 2109.33. This Notice of Hearing was also addressed to Lorraine Frankart, 279 S. Sandusky Street, Tiffin, Ohio, 44883 and specifically provided as follows: *Page 7 
 You are hereby notified that a final account covering the period from March 20, 2007 to March 27, 2008 has been filed, and the hearing will be held on May 23, 2008 at 10:00 A.M. The Court is located in the 108 Jefferson St., Tiffin, OH 44883.
 You are required to examine the account, to inquire into the contents of the account, and into all matters that may come before the Court at the hearing on the account. Any exceptions to the account shall be filed in writing not less than five days prior to the hearing. Absent the filing of written exceptions, the account may be approved without further notice. (Emphasis added).
 {¶ 11} On appeal, Lorraine admits that she received a copy of the April 23, 2008 Notice of Hearing on Account and admits that it contained the specifications and requirements as set forth in R.C. 2109.33. We note that the April 23, 2008 Notice of Hearing clearly informed Lorraine that the hearing was scheduled for May 23, 2008 and that any exceptions to the account shall be filed not less than five days prior to the hearing. Additionally, we note that there is no dispute that Lorraine's purported exceptions were not filed until May 22, 2008 and were out of rule.
 {¶ 12} "It is well established that pro se litigants are presumed to have knowledge of the law and legal procedures and that they are held to the same standard as litigants who are represented by counsel."Fazio v. Gruttadauria, 8th Dist. No. 90562,2008-Ohio-4586 at ¶ 9 citing State ex rel. Fuller v. Mengel (2003),100 Ohio St.3d 352, 800 N.E.2d 25 quoting Sabouri v. Ohio Dept. of Job Family Servs. (2001), 145 Ohio App.3d 651,654. Additionally, we note that pro *Page 8 
se litigants are not entitled to greater rights, and they must accept the results of their own mistakes. Id. citing Williams v. Lo, 10th Dist. No. 07AP949, 2008-Ohio-2804, citing City ofWhitehall v. Ruckman, 10th Dist. No. 07AP445,2007-Ohio-6780.
 {¶ 13} Pursuant to R.C. 2109.33, it would have been permissible for the probate court to dismiss Lorraine's exceptions without conducting a hearing as the exceptions were untimely. However, the probate court chose to schedule a hearing to give Lorraine an opportunity to be heard in court and to presumably present her reason for filing said untimely exceptions, possibly because she was a pro se litigant. A subsequent notice of hearing was served on Lorraine and she appeared pro se at the hearing on June 23, 2008. At this hearing, the probate court granted Lorraine a further extension to obtain counsel and have counsel file a written response to Executor's motion to dismiss the exceptions, presumably to give Lorraine another chance to explain why her exceptions were filed untimely or to request further time to file exceptions. However, our review of the record reveals that Lorraine's counsel provided no cause for allowing the exceptions to be filed out of rule.
 {¶ 14} Based on the foregoing, we find that the probate court's actions clearly demonstrate that the court exerted extra effort to provide Lorraine with every opportunity to be heard on this issue, despite the fact that Lorraine's exceptions were not timely filed. Therefore, we find that the trial court did not *Page 9 
abuse its discretion by finding that Lorraine failed to timely file her exceptions in accordance with R.C. 2109.33. We also find that the trial court did not abuse its discretion by denying Lorraine's exceptions and granting the Executor's motion to dismiss exceptions.
 {¶ 15} Accordingly, Lorraine's sole assignment of error is overruled and the July 29, 2008 Judgment Entry of the Court of Common Pleas, Probate Division, of Seneca County, Ohio, is affirmed.
Judgment Affirmed
 PRESTON, P.J. and ROGERS, J., concur.
[1] The only other two legatees and devisees (James Frankart and Elizabeth Paulus) interested in Miriam's estate signed a waiver of notice of hearing and consent to approval of motion for order of distribution, which was filed with the Probate Court on April 23, 2008.
[2] Our review of the record reveals that on July 29, 2008 the probate court also issued an Entry approving the fiduciary's account and on August 4, 2008 the probate court issued a Judgment Entry Approving Application for Order of Distribution. No notice of appeal has been filed with respect to either of these Entries and they are not relevant to the facts of the present appeal. *Page 1