[Cite as *Andrews v. Youngstown*, 2019-Ohio-3676.]

| | |
|---|---|
| IAN ANDREWS | Case No. 2019-00380PQ |
| Requester | Judge Patrick M. McGrath |
| v. | <u>DECISION AND ENTRY</u> |
| CITY OF YOUNGSTOWN | |
| Respondent | |

{¶1} Requester Ian Andrews, a self-represented litigant, has filed a document, which the court's docket lists as an objection to a special master's report and recommendation (R&R) of July 9, 2019.

## I. Background

{¶2} On March 18, 2019, pursuant to R.C. 2743.75(D), Andrews sued the city of Youngstown (City), claiming the City denied him access to public records. The court appointed a special master in the cause. The court, through the special master, referred the case to mediation. After mediation failed to successfully resolve all disputed issues between the parties, the court returned the case to the special master's docket.

{¶3} On July 9, 2019, the special master issued a R&R wherein the special master found that, under the facts and circumstances of this case, "the delay of 80 to 94 days from receipt of [Andrews'] request until production of the responsive records constituted a failure of the City to provide copies within a reasonable period of time." (R&R, 4.) The special master stated: "Despite the requirements of the order of June 13, 2019 authorizing the filing of the reply, Andrews did not 'specifically identify the referenced item by document, page, and paragraph, as appropriate' in referring to records. Opposing this claim, the City denies that it failed to turn over all responsive documents prior to litigation. * * * On this state of the record, I find that Andrews fails to demonstrate by clear and convincing evidence that any additional records provided by

the City were not previously provided, and/or were responsive to the original request, and/or were not provided within a reasonable period of time." (R&R, 4-5.) The special master concluded:

> Upon consideration of the pleadings and attachments, I recommend that the court issue an order finding that requester's claim for production of records is moot. I further recommend that the court issue an order finding that [the City] failed to provide the requested records within a reasonable period of time. I recommend that court costs be apportioned equally between the parties.

(R&R, 5.)

{¶4} On August 5, 2019, Andrews filed an affidavit with attachments, which the court's docket lists as an "objection." Andrews generally avers in the affidavit that certain documents were not included with correspondence that the City sent to him.

{¶5} The City has not filed a timely objection to the R&R. Neither has the City filed a timely response to Andrews' objection.

## II. Law and Analysis

{¶6} R.C. 2743.75(F)(2) governs objections to a special master's R&R issued under R.C. 2743.75. Pursuant to R.C. 2743.75(F)(2), either party

> may object to the report and recommendation within seven business days after receiving the report and recommendation by filing a written objection with the clerk *and sending a copy to the other party by certified mail, return receipt requested. Any objection to the report and recommendation shall be specific and state with particularity all grounds for the objection.* * * * If either party timely objects, the other party may file with the clerk a response within seven business days after receiving the objection and send a copy of the response to the objecting party by certified mail, return receipt requested. The court, within seven business days after the

response to the objection is filed, shall issue a final order that adopts, modifies, or rejects the report and recommendation.

(Emphasis added.)

{¶7} A review of Andrews' objection discloses that he has not complied with R.C. 2743.75(F)(2)'s requirements. First, Andrews' objection is deficient because the objection is not accompanied by a proof of service that demonstrates that Andrews sent a copy of his objection by "certified mail, return receipt requested," as required by R.C. 2743.75(F)(2). *See generally* Civ.R. 5(B)(4) (providing that documents filed with the court "shall not be considered until proof of service is endorsed thereon or separately filed"). Second, Andrews' objection is deficient under R.C. 2743.75(F)(2) because the objection lacks specificity as it does not state with particularity all grounds for the objection relative to the R&R. Stated differently, Andrews' objection does not challenge any of the special master's findings of fact or conclusions of law contained in the R&R.

{¶8} The court recognizes that Andrews is self-represented and, therefore, some leniency may be accorded to Andrews. *See, e.g., Tate v. Owens State Community College*, 10th Dist. Franklin No. 10AP-1201, 2011-Ohio-3452, ¶ 15 (a pro se litigant is entitled to leniency when dealing with pleadings, filings, and similar documents). *Compare Sabouri v. Ohio Dept. of Job & Family Servs.*, 145 Ohio App.3d 651, 654, 763 N.E.2d 1238 (10th Dist.2001) (it "is well-established that *pro se* litigants are presumed to have knowledge of the law and legal procedures and that they are held to the same standard as litigants who are represented by counsel"). While some leniency may be accorded to Andrews, leniency, however, has limits. *See Redmond v. Wade*, 4th Dist. Lawrence No. 16CA16, 2017-Ohio-2877, ¶ 20 (leniency does not mean that a court is required to find substance where none exists or advance an argument for a pro se litigant, or address issues not properly raised); *Cardone v. Cardone*, 9th Dist. Summit C.A. Nos. 18349, 18673, 1998 Ohio App. LEXIS 2028, at *22 (May 6, 1998) (if an

argument "exists that can support [an] assignment of error, it is not this court's duty to root it out").

{¶9} Absent an objection by Andrews that states with particularity all grounds for the objection relative to the R&R, the court declines to advance an argument on behalf of Andrews or disturb the special master's finding that, on the state of the record, Andrews "fails to demonstrate by clear and convincing evidence that any additional records provided by the City were not previously provided, and/or were responsive to the original request, and/or were not provided within a reasonable period of time." (R&R, 5.)

## III. Conclusion

{¶10} For reasons set forth above, the court OVERRULES Andrews objection, adopts the special master's R&R of July 9, 2019, finds that Andrews' claim for production of records is moot, and finds that the City failed to provide the requested records within a reasonable period of time. Because the City failed to provide the requested records within a reasonable time in violation of R.C. 149.43(B)(1), in accordance with R.C. 2743.75(F)(3)(b) Andrews is entitled to recover from the City the amount of the filing fee of twenty-five dollars and any other costs associated with the action that are incurred by him, but Andrews is not entitled to recover attorney fees. Absent any objection by Andrews or the City to the special master's recommendation that court costs should be apportioned equally between the parties, the court assesses court costs equally against Andrews and the City. Judgment is rendered in favor of Andrews. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

PATRICK M. MCGRATH
Judge

**Filed August 26, 2019**
**Sent to S.C. Reporter 9/12/19**