[Cite as *Mentch v. Cleveland*, 2021-Ohio-1567.]

| | |
|---|---|
| FRANCES MENTCH | Case No. 2020-00535PQ |
| Requester | Judge Patrick E. Sheeran |
| v. | <u>DECISION AND ENTRY</u> |
| CITY OF CLEVELAND | |
| Respondent | |

{¶1} Requester Frances Mentch, a self-represented litigant, has filed amended objections to a Special Master's Report and Recommendation. The Court overrules Mentch's amended objections for reasons set forth below.

## I. Background

{¶2} On September 8, 2020, Mentch brought a complaint against Respondent City of Cleveland (City), alleging that she had been denied access to public records in violation of R.C. 149.43(B) based on the City's response to public-records inquiries of March 27, 2020, and March 28, 2020.

{¶3} The Clerk of this Court appointed a special master who referred the case to mediation. On January 27, 2021, the mediator noted: "[T]he parties informed the court that the request found in the September 8, 2020 complaint has been satisfied. However, the request beginning on page 3 of requester's January 11, 2021 filing, Reference #C001997-121620, remains pending,' and no resolution was reached during mediation on that request. Therefore, the parties agreed that this sole remaining request should go forward for a determination by the special master. Accordingly, pursuant to R.C. 2743.75(E)(1 ), mediation has been terminated."

{¶4} Thereafter, the matter was returned to the Special Master's docket. The City moved to dismiss Mentch's complaint, stating: "The parties attended four mediation sessions. While mediation was ongoing, Ms. Mentch made a new public records request (C001996-121620) seeking emails to and from two private individuals and any

unnamed city of Cleveland employees. That request is the sole issue that was not successfully resolved in the mediation process."

{¶5} On March 11, 2021, the Special Master issued a Report and Recommendation (R&R).  The Special Master recommended dismissal of the parties' request to determine a claim based on a new request made during mediation because "[d]iscussion or revision of a public records request during litigation does not relate back to or supplement the claim stated in the complaint. Judicial resolution of this claim is thus limited to the public records requests set forth in the complaint." (R&R, 9.)  The Special Master further recommended (1) dismissing the claims in the complaint as moot, (2) granting the City's motion to dismiss the claim added at the end of mediation because that request is overly broad, (3) dismissing the claim added at the end of mediation for lack of jurisdiction, and (4) assessing court costs equally between the parties.  (R&R, 10.)

{¶6} On March 29, 2021, Mentch filed written objections and amended written objections to the Special Master's R&R.  In the amended objections, Mentch challenges the Special Master's finding of overbreadth as to Mentch's added claim at the end of mediation.  In a certificate of service accompanying the amended objections, Mentch certified that a copy of the amended objections would be sent to the City's counsel and that she emailed a copy of her amended objections to the City's counsel.

{¶7} The City has not filed a timely response to Mentch's amended objections.

## II. Law and Analysis

{¶8} R.C. 2743.75(F)(2) governs objections to a special master's report and recommendation.  Pursuant to R.C. 2743.75(F)(2), either party "may object to the report and recommendation within seven business days after receiving the report and recommendation by filing a written objection with the clerk and sending a copy to the other party by certified mail, return receipt requested. * * * If either party timely objects, the other party may file with the clerk a response within seven business days after

receiving the objection and send a copy of the response to the objecting party by certified mail, return receipt requested. The court, within seven business days after the response to the objection is filed, shall issue a final order that adopts, modifies, or rejects the report and recommendation."

{¶9} Here, Mentch does not appear to have sent a copy of her amended objections to the City by certified mail, return receipt requested, as required by R.C. 2743.75(F)(2). Mentch's amended objections therefore appear to be procedurally deficient. *See generally State ex rel. Fuller v. Mengel*, 100 Ohio St.3d 352, 2003-Ohio-6448, 800 N.E.2d 25, ¶ 10, quoting *Sabouri v. Dept. of Job & Family Servs.*, 145 Ohio App. 3d 651, 654, 763 N.E.2d 1238 (10th Dist.2001) (stating that "'[i]t is well established that *pro se* litigants are presumed to have knowledge of the law and legal procedures and that they are held to the same standard as litigants who are represented by counsel'"). However, notwithstanding this apparent procedural deficiency, the Court will consider Mentch's amended objections in the interest of justice.

{¶10} Pursuant to R.C. 27403.03(A)(3)(b) and 2743.75(A) this Court has authority over disputes alleging a denial of access to public records in certain circumstances. Under R.C. 2743.75(D)(1) an allegedly aggrieved person who proceeds under R.C. 2743.75 is required to file a complaint. Upon service of the complaint, a case may be referred to mediation services. R.C. 2743.75(E)(1). And according to R.C. 2743.75(F)(1) a special master is required to submit to this Court a report and recommendation based on the ordinary application of statutory law and case law as they existed at the time of the filing of the complaint. Thus, under the statutory framework established in R.C. 2743.75 a complaint is the operative pleading—not a separate request that may be made during mediation of a party's dispute. *Accord* Civ.R. 3(A) (a civil action is commenced by filing a complaint with the court).

{¶11} Since Mentch's amended objections fail to concern a claim that is contained within her complaint, the Court finds that Mentch's amended objections are

not cognizable under R.C. 2743.75. Additionally, since Mentch's amended objections do not challenge the Special Master's recommendation to dismiss claims in the complaint as moot, the Court determines that this recommendation should not be disturbed. *See* R.C. 2743.75(F)(2) (requiring any objection to a report and recommendation to be "specific and state with particularity all grounds for the objection").

### III. Conclusion

{¶12} For reasons set forth above, the Court OVERRULES Mentch's amended objections, and adopts, in part, the Special Master's R&R. In accordance with the Special Master's R&R, the Court dismisses Mentch's complaint and assesses court costs to the parties equally. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

PATRICK E. SHEERAN
Judge

**Filed April 29, 2021**
**Sent to S.C. Reporter 5/4/21**