**[Cite as *State v. Hagler*, 2022-Ohio-73.]**

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                                    :

    Plaintiff-Appellee,                     :

                                   No. 110523

    v.                                              :

ETIENNE HAGLER,                                  :

    Defendant-Appellant.                   :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** January 13, 2022

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. CR-93-303310-ZA and CR-93-304760-ZA

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Daniel Van, Assistant Prosecuting Attorney, *for appellee.*

Etienne Hagler, *pro se.*

LISA B. FORBES, J.:

{¶ 1}   Etienne Hagler ("Hagler"), acting pro se, appeals the trial court's journal entry denying his "motion to provide defendant with a final order set in one-

document de novo." After reviewing the facts of the case and pertinent law, we affirm the trial court's decision.

## I. Facts and Procedural History

{¶ 2} On July 20, 1994, Hagler pled guilty to aggravated robbery, and the court sentenced him to a minimum term of 5 years in prison and a maximum term of 15 years in prison in Cuyahoga C.P. No. CR-93-303310-ZA ("CR-303310"). The same day, Hagler pled guilty to carrying a concealed weapon, and the court sentenced him to one-and-one-half years in prison in Cuyahoga C.P. No. CR-93-304760-ZA ("CR-304760").

{¶ 3} On March 12, 2021, Hagler filed a motion for a final order in both cases. On April 27, 2021, the court denied both motions. Hagler now appeals the denials in both cases.

## II. Assignments of Error

{¶ 4} In his first assignment of error, Hagler argues verbatim as follows: "Defendant was denied constitutional due process when the sentencing courts abuse its discretion denying defendant's 'motion to provide a final order set in one document de novo' where the courts neglected to impose a final term of punishment and memorialized the judgment contrary to law."

{¶ 5} In his second assignment of error, Hagler argues verbatim as follows: "Defendant was denied due process of law when the sentencing courts abuse its discretion denying defendant's 'motion to provide a final order set in one document

de novo' where the courts' sentence relies on the Ohio Department of Rehabilitation to fashion a final order and how terms of punishment are to be served."

### III. Law and Analysis

**{¶ 6}** "It is well-established that pro se litigants are presumed to have knowledge of the law and legal procedures and that they are held to the same standard as litigants who are represented by counsel." (Emphasis deleted.) *Sabouri v. Ohio Dept. of Job & Family Servs.*, 145 Ohio App.3d 651, 654, 763 N.E.2d 1238 (10th Dist.2001).

**{¶ 7}** In his appellate brief, Hagler states that "[t]he sentencing court and its journal entry is [sic] completely silent on the specifications charged in the indictment" in CR-304760. Our review of the January 11, 1994 indictment in CR-304760 shows that Hagler was not charged with any specifications. He was charged with, and pled guilty to, carrying a concealed weapon in violation of R.C. 2923.12. Accordingly, this argument is without merit.

**{¶ 8}** Although somewhat unclear from his appellate brief, it appears that Hagler also argues that all his cases, including the two that are the subject of this appeal plus two additional cases, should have been disposed of with one journal entry:

> The courts' judgment entry failed to provide a licit omnibus sentencing entry, echoing and memorializing the imposition of sentence, the judgment of conviction: The plea, the verdict or findings, and the composition of sentence. * * * [N]o one document of a final order exists determining [Hagler's] term of imprisonment for which a reviewing court would need to comb through several documents to draft, inconsistent with the both the former and latter Crim.R. 32.

**{¶ 9}** We have jurisdiction to review only CR-303310 and CR-304760. On July 6, 1994, Hagler pled guilty to murder and was sentenced to 15-years-to-life in prison in Cuyahoga C.P. No. CR-94-305667-A ("CR-305667"). On August 16, 1994, Hagler pled guilty to aggravated robbery and was sentenced to 10-25 years in prison in Cuyahoga C.P. No. CR-94-307512-A ("CR-307512"). Hagler also filed a "motion to provide defendant with a final order set in one-document in de novo" in these two cases, which the court denied. Hagler did not file a notice of appeal in CR-305667 or CR-307512. Although Hagler's pro se brief in the instant appeal refers to CR-305667 and CR-307512, we do not have jurisdiction to review these two cases absent a notice of appeal. *See State v. Mansaray*, 8th Dist. Cuyahoga No. 90647, 2009-Ohio-1237, ¶ 13 ("The filing of a timely notice of appeal is a prerequisite to establishing jurisdiction in a court of appeals. * * * The failure to file a timely notice of appeal is a jurisdictional requirement that cannot be ignored.").

**{¶ 10}** Pursuant to former Crim.R. 32(B), which was in effect at the time of Hagler's convictions, a "judgment of conviction shall set forth the plea, the verdict of findings, and the sentence. * * * The judge shall sign the judgment and the clerk shall enter it on the journal. A judgment is effective only when entered on the journal by the clerk."

**{¶ 11}** As stated previously, in CR-304760, Hagler pled guilty to carrying a concealed weapon. The associated journal entry sets forth this guilty plea, the court's acceptance of the guilty plea, and a one-and-one-half-year prison sentence.

This judgment of conviction was signed by the judge, and the clerk of courts journalized it on July 26, 1994.

{¶ 12} In CR-303310, Hagler pled guilty to an amended count of robbery in violation of R.C. 2911.02, and the court dismissed the remaining count. The associated journal entry sets forth this guilty plea, the dismissal, the court's acceptance of the guilty plea, and the 5-to-15-year prison sentence. This judgment of conviction was signed by the judge, and the clerk of courts journalized it on July 26, 1994.

{¶ 13} Accordingly, we find that the journal entries in CR-304760 and CR-303310 comply with former Crim.R. 32(B).

{¶ 14} Additionally, Hagler repeatedly cites to *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163, and *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, to support his assignments of error. However, Hagler misinterprets the holdings in both *Baker* and *Lester*. Upon review, we find that the journal entries in CR-303310 and CR-304760 comply with both *Baker* and *Lester*.

{¶ 15} In *Baker*, the Ohio Supreme Court held that "a judgment of conviction is a final appealable order under R.C. 2505.02 when it sets forth (1) the guilty plea, the jury verdict, or the finding of the court upon which the conviction is based; (2) the sentence; (3) the signature of the judge; and (4) entry on the journal by the clerk of court." *Id.* at ¶ 18.

{¶ 16} In *Lester*, the Ohio Supreme Court modified *Baker* and held that "a judgment of conviction is a final order subject to appeal under R.C. 2505.02 when the judgment entry sets forth (1) the fact of the conviction, (2) the sentence, (3) the judge's signature, and (4) the time stamp indicating the entry upon the journal by the clerk." *Id.* at ¶ 14.

{¶ 17} Upon review, we find that one document constituting a judgment of conviction exists in CR-304760 and one document constituting a judgment of conviction exists in CR-303310. There is no law requiring that judgments of conviction in multiple cases be condensed into one document.

{¶ 18} Accordingly, both of Hagler's assignments of error are overruled.

{¶ 19} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue of out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LISA B. FORBES, JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR