JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant-appellant, James Varholic ("defendant), appeals following his conviction for driving under the influence of alcohol in violation of R.C. 4511.19. The trial court sentenced defendant to serve a 30-month prison sentence, which has been stayed pending this appeal. The trial court further suspended defendant's driver's license for three years and imposed a monetary fine. For the reasons that follow, we affirm.
 {¶ 2} The matter proceeded to a bench trial where the following evidence was introduced:
 {¶ 3} The first witness that testified was a motorist ("Joe") who observed defendant driving on August 3, 2006 at approximately 3:15 p.m. Joe first noticed defendant's vehicle driving in front of his vehicle weaving off the center of Howe Road in Strongsville. A vehicle that was heading in the opposite direction had to swerve to avoid colliding with defendant's vehicle. It appeared to Joe that defendant was having a hard time navigating the road. Joe continued to follow defendant's vehicle. Joe telephoned the police to report defendant's erratic driving. Joe agreed to continue following defendant's vehicle. As defendant attempted to make a right-hand turn onto Boston Road, he ran over the reflectors that were on the roadside. Defendant continued driving erratically, slow and then fast, weaving to the right and then left. At times, defendant's vehicle was off the roadside into the gravel and others it was left of the centerline. Defendant's vehicle made an unnecessarily wide right-hand turn into Brittany Place and overshot the intersection. Defendant then *Page 4 
parked his vehicle on the sidewalk and curb on the cul-de-sac. Joe had followed defendant's vehicle for about a mile. Joe identified defendant as the person who he saw operating the vehicle on August 3, 2006. Joe waited at the scene and continued to observe the defendant until the police arrived about nine minutes later. Joe wrote a brief statement for the police.
 {¶ 4} On cross-examination, Joe stated that he never smelled alcohol nor did he physically inspect defendant. When the police arrived, defendant appeared to be "out of it." Defendant was not responding to the police officer who had to shake defendant to get his attention. Joe did not have any particular knowledge that defendant had consumed any alcohol. But, defendant was not conscious or awake when the police arrived. Joe did not see anyone else besides defendant get in or out of the vehicle. Joe did not see anyone approach the vehicle until the officers arrived.
 {¶ 5} Officer Piorkowski of the Strongsville Police Department testified next. On August 3, 2006 he responded to a citizen complaint concerning the operation of a vehicle on Howe Road. The officer arrived at Brittany Place within ten minutes and found defendant in his parked vehicle and also observed the complainant's vehicle parked nearby. Defendant's vehicle was parked on the wrong side of the road.
 {¶ 6} The officer's dash cam was operating as he approached defendant's vehicle. Defendant was slumped over behind the wheel of the vehicle. His eyes were shut. The vehicle was parked but the engine was still running. Defendant did *Page 5 
not respond to the officer's verbal commands nor did he respond when the officer knocked on the vehicle. The officer then physically shook the defendant but defendant still did not respond. Defendant was breathing and did not appear to be in distress. The officer then called for a back-up unit. The officer walked around the back of the car over to the passenger's side to get the keys out of the ignition and turn the vehicle off. Once the officer returned to the driver's side of the vehicle, he was able to get a response from the defendant. Defendant was very dazed and confused. Defendant's eyes were very glassy and bloodshot. He was very disheveled. Defendant began to sit up slowly but would not answer the officer's questions. From the outset of the encounter, the officer had detected a moderate smell of alcoholic beverage coming from inside the vehicle. Defendant was the sole occupant of the vehicle.
 {¶ 7} Defendant complied with the officer's request to step out of the vehicle. Defendant was not wearing any shoes as he stumbled out of the vehicle. The officer placed the defendant in handcuffs because he felt defendant's level of intoxication made him potentially unsafe. Defendant was placed on the grass until police back-up arrived at the scene. Defendant lost his coordination at least once and fell over.
 {¶ 8} The officer identified defendant as the person he encountered in the vehicle on Brittany Place on August 3, 2006. *Page 6 
 {¶ 9} When the back-up officer arrived, defendant was placed in the police car. The officer did not administer field sobriety tests due to defendant's lack of coordination. Although he attempted to administer the nystagmus test, he was unable to do so because defendant put his hands over his face completely and ducked down so that the officer could not observe defendant's eyes. Defendant was arrested for driving under the influence. The officers then inventoried and towed defendant's vehicle. They did not find any alcoholic beverages inside the vehicle.
 {¶ 10} Defendant refused to submit to the Intoxilyzer 5000 test on August 3, 2006.
 {¶ 11} Defendant did not live in Strongsville and the officer was unaware of any reason for the defendant to be on Brittany Place on August 3, 2006.
 {¶ 12} During cross-examination, Officer Piorkowski testified that he did not know when the defendant ingested the substances that caused his intoxication.
 {¶ 13} Detective Steve Dzurisin also testified. He was assigned the case approximately a week after defendant's arrest and conducted the investigation on follow-up information concerning prior convictions. Dzurisin discovered that defendant had several prior convictions for driving under the influence. Dzurisin obtained journal entries of the prior convictions: two from Chardon Municipal Court and a third from Painesville Municipal Court. The entries are contained in the record as State's Exhibits 6 and 7. *Page 7 
 {¶ 14} After substantial discussion, the defense stipulated to State's Exhibits 6 and 7 as follows: defendant's identity as the subject of the exhibits and that the exhibits are authentic records from Chardon and Painesville's Municipal Courts. The State rested and the defense pursued a motion for acquittal under Crim.R. 29. In part, the defense argued that State's Exhibits 6 and 7 were insufficient evidence of prior convictions to enhance the indicted offense to the felony level. The defense maintained that the journal entries did not comply with the requirements of Crim.R. 32. The court denied defendant's motion.
 {¶ 15} The defense rested, renewed the Rule 29 motion, which was again denied.
 {¶ 16} The court found defendant guilty of driving under the influence as charged in count one of the indictment, and the prior convictions contained therein. The court found defendant not guilty of count two of the indictment. Defendant now appeals and raises four assignments of error, which will be addressed in the order they were presented for review.
 {¶ 17} "I. Defendant was denied due process of law when the court ruled that prior sentencing entries constituted proper proof of prior convictions."
 {¶ 18} Defendant maintains that the journal entries entered as Exhibits in this case do not comply with Crim.R. 32(C) and therefore cannot be used to elevate the driving under the influence charge to the felony level. *Page 8 
 {¶ 19} The provision of Crim.R. 32(C) that is relevant to defendant's argument provides:
 {¶ 20} "A judgment of conviction shall set forth the plea, the verdict or findings, and the sentence. * * *"
 {¶ 21} Particularly, defendant argues the entries are deficient under Crim.R. 32(C) for the reason that they do not include reference to particular Revised Code section relating to the driving under the influence charges to which defendant pled, was found guilty, and was sentenced.
 {¶ 22} Exhibit 6 contains two traffic tickets and two judgment entries from the Chardon Municipal Court. The first ticket reflects a violation of R.C. 4511.19(A), driving under the influence and a violation of R.C.4511.20, reckless operation. The corresponding judgment entry reflects that defendant was represented by counsel, pled guilty to "D.W.I.," was found guilty and was sentenced to a suspended jail term and placed on probation. Defendant maintains that identifying the conviction as "D.W.I." without reference to a particular code section renders the judgment deficient for purposes of Crim.R. 32. However, defendant offers, and we can find, no case law or authority that supports this argument. Without some authority to the contrary, designating the plea and conviction as being for driving under the influence complies with the requirement of setting forth the plea and conviction, particularly where, as here, the citation included the Revised Code section that pertained to the "D.W.I." plea and conviction. *Page 9 
 {¶ 23} The second ticket obtained from the Chardon Municipal Court records had cited defendant for violations of driving under the influence in violation of R.C. 4511.19(A(1), driving under suspension in violation of R.C. 4507.02(D); and failure to control in violation of R.C. 4511.202. The corresponding judgment entry likewise lists these same statutory provisions as offenses A-C. It further indicates that defendant changed his plea to all three charges to no contest and that the court found defendant guilty of offense "A," which was the driving under the influence charge in violation of R.C. 4511.19; counts "B" and "C" were dismissed at defendant's cost. The entry also shows that this was defendant's third DWI offense. Finally, the judgment entry shows that defendant was sentenced to a suspended jail term and placed on probation with additional terms. This judgment entry complies with the requirements of Crim.R. 32 (C).
 {¶ 24} Exhibit 7 is a judgment entry from the Painesville Municipal Court that indicates defendant was represented by counsel "upon the charges of over .17% breath safety, D.U.I., D.U.S., NO O/L and safety disregar." Defendant pled guilty to "D.U.I." and was found guilty of that charge and the remaining charges were dismissed. The entry also includes the sentence imposed upon the defendant. Again, defendant appears to be arguing that the judgment must contain reference to the precise code section in order to comply with Crim.R. 32(C). Since there is no authority to this effect, the reference to the charge for which defendant pled guilty, was found guilty, and was sentenced is sufficient. *Page 10 
 {¶ 25} Defendant refers to State v. Miller, Medina App. No. 06CA0046-M, 2007-Ohio-1353 for the proposition that the judgment must contain a finding of guilt in order to comply with Crim.R. 32(C). However, each of the judgment entries before us in this case, do, in fact, reflect a finding of guilt by the respective courts to the offense of DUI/DWI.
 {¶ 26} Accordingly, the trial court did not err in finding the fact of defendant's prior convictions based on the subject judgment entries.
 {¶ 27} Assignment of Error I is overruled.
 {¶ 28} "II. Defendant was denied due process of law when the court convicted him of driving while under the influence rather than having a physical control of the vehicle while under the influence."
 {¶ 29} "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Jenks (1991),61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus.
 {¶ 30} Defendant was charged with one count of driving under the influence in violation of R.C. 4511.19, which provides: *Page 11 
 {¶ 31} "(A) (1) No person shall operate any vehicle, streetcar, or trackless trolley within this state, if, at the time of the operation, any of the following apply:
 {¶ 32} "(a) The person is under the influence of alcohol, a drug of abuse, or a combination of them."
 {¶ 33} R.C. 4511.01(H)(H)(H) provides that "`[o]perate' means to cause or have caused movement of a vehicle, streetcar, or trackless trolley."
 {¶ 34} The record includes the testimony of Joe, a motorist, who observed defendant driving his vehicle so erratically that it caused him to call the police. Joe testified that defendant almost hit another vehicle and then continued to weave right and left, he ran over reflectors, was making wide turns, and ultimately parked his vehicle on a cul-de-sac street in Strongsville. Joe continued to watch defendant who appeared "out of it" when the police arrived. Joe gave police a brief written statement concerning his observations of defendant's driving.
 {¶ 35} An officer responded to Joe's complaint within nine minutes. The responding officer testified that defendant's vehicle was parked on the wrong side of the street. Defendant was slumped behind the wheel, with his eyes closed. At that time, the keys were in the ignition and the engine was still running. The officer immediately smelled a moderate odor of alcohol emanating from defendant's vehicle. Defendant was totally non-responsive to the officer for a period of time. Once defendant got out of his vehicle, he was disheveled, glassy-eyed, lacked coordination and had to be seated on the grass nearby. Defendant did not *Page 12 
cooperate with the officer's attempts to administer a sobriety test and would not respond to the officers questions. Defendant also refused the Intoxilyzer testing.
 {¶ 36} There is sufficient evidence in the record to conclude that defendant was operating a vehicle in violation of R.C. 4511.19(A)(1).
 {¶ 37} Assignment of Error II is overruled.
 {¶ 38} "III. Defendant was denied due process of law when the court convicted defendant of being under the influence of alcohol."
 {¶ 39} To warrant reversal from a verdict under a manifest weight of the evidence claim, this Court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed and a new trial ordered.State v. Thompkins (1997), 78 Ohio St.3d 380, 387.
 {¶ 40} Defendant seems to be arguing that because there is no direct evidence that he was driving under the influence of alcohol (because he refused the testing and no one actually saw him ingesting alcohol) his conviction cannot stand. However, `"circumstantial evidence and direct evidence inherently possess the same probative value and therefore should be subjected to the same standard of proof.'" State v. Biros
(1997), 78 Ohio St.3d 426, 447, quoting State v. Jenks,61 Ohio St.3d 259, paragraph one of the syllabus. *Page 13 
 {¶ 41} The circumstantial evidence in this case as contained in the testimony of the motorist who observed defendant's driving and the testimony of the responding officer, including the video recorded by the responding officer's dash cam, all support defendant's conviction for driving under the influence of alcohol by the weight of the evidence. Notably, none of the cases cited by defendant involve the testimony of a motorist who was an eyewitness to the accused's erratic driving.
 {¶ 42} Assignment of Error III is overruled.
 {¶ 43} "IV. Defendant was denied due process of law when there was a material variance between the allegations of the indictment and the verdict."
 {¶ 44} Defendant argues that his conviction was a material variance from the allegation of the indictment.
 {¶ 45} The indictment charged defendant with a violation of R.C.4511.19 and asserted that defendant "did operate a vehicle within this state while under the influence of alcohol, a drug of abuse." The State offered evidence that defendant was driving his vehicle very erratically, that he smelled of alcohol, was incoherent, non-responsive and completely disheveled. The officers also stated that suspected drugs of abuse were recovered from defendant's vehicle. The court found defendant not guilty of count two, which charged defendant with possession of drugs but found him guilty of count one. As set forth previously, a violation of R.C. 4511.19(A)(1)(a) is established where the State proves that the accused operated a vehicle while "under the influence of alcohol, a drug of abuse, or a combination of *Page 14 them." (Emphasis added). There was evidence in the record that defendant was operating a vehicle while under the influence of alcohol. Accordingly, the State need not establish the alternative element of intoxication by a drug of abuse or a combination of the two and the conviction was not a material deviation from the indicted offense.
 {¶ 46} Assignment of Error IV is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PATRICIA ANN BLACKMON, J., CONCURS, COLLEEN CONWAY COONEY, J., CONCURS IN JUDGMENT ONLY *Page 1