[Cite as *State v. Varholick*, 2011-Ohio-5277.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 96464**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## JAMES VARHOLICK

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-485615

**BEFORE:**  S. Gallagher, P.J., Keough, J., and E. Gallagher, J.

**RELEASED AND JOURNALIZED:**  October 13, 2011

**FOR APPELLANT**

James Varholick, pro se
Inmate No. 573-485
Marion Correctional Institution
P.O. Box 57
Marion, Ohio   43301

**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

BY: Kristen L. Sobieski
Assistant Prosecuting Attorney
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio   44113

SEAN C. GALLAGHER, P.J.:

**{¶ 1}**  Defendant-appellant James Varholick[1] appeals the trial court's decision to deny his motion to correct an improper sentence.   For the following reasons, we affirm the decision of the trial court.

**{¶ 2}**  In 2007, the trial court found Varholick guilty of driving under the influence of alcohol in violation of R.C. 4511.19.   Varholick unsuccessfully appealed

---

[1]   We note that Varholick's name was inadvertently misspelled in the lower court record as "Varholic."

his conviction. In January 2009, Varholick was sentenced to 60 days in county jail to be served in Lake County's jail treatment program. According to his brief, Varholick began serving his sentence on February 23, 2009. The trial court also imposed community control sanctions and further warned that a violation would result in Varholick's serving a 30-month term of imprisonment.

{¶ 3} In July 2009, a hearing was held to determine whether Varholick violated the terms of his community control sanctions. The trial court found that he did, terminated the remaining term of community control, and sentenced Varholick to 30 months in prison. Varholick did not directly appeal this decision.

{¶ 4} In April 2010, Varholick filed a "motion to correct improper sentence." The trial court summarily denied his motion. It is from this decision that Varholick appeals, raising one assignment of error, which provides as follows: The "[t]rial court was within proper authority and [had] jurisdiction to review said claims."

{¶ 5} Varholick argues that the trial court improperly sentenced him because R.C. 4511.19(G)(1)(d) requires the court to impose a mandatory 60-day term of local incarceration that must be served prior to the imposition of any community control sanctions. The state counters with two misplaced arguments.

{¶ 6} First, the state claims that the court sentenced Varholick to the mandatory 60 days of local incarceration, thereby satisfying the statutory requirements. That much is not disputed. Varholick contends that he must have served the 60 days *prior to* the imposition of community control sanctions and, therefore, the state's first argument is

essentially nonresponsive. The state next argues that once a sentence is executed, the court loses jurisdiction to modify the sentence. *State v. Clark*, Cuyahoga App. No. 82519, 2003-Ohio-3969, ¶ 20. However, *Clark* more accurately refers to a valid sentence, not just any sentence in general. Id. Once a valid sentence is executed, the court loses jurisdiction to modify the sentence. Id. Since Varholick is attacking the validity of his sentence, the state's second argument is likewise nonresponsive. Nevertheless, we find Varholick's argument is without merit.

{¶ 7} Varholick's sole assignment of error addresses the issue of whether the trial court had jurisdiction to rule on his motion to correct the sentence. Varholick assumes the trial court denied his motion on jurisdictional grounds in light of the fact that the state raised the argument in its brief in opposition to his motion. The trial court, however, denied the motion without any supporting rationale, and we cannot presume that the trial court based its decision on the arguments contained in the state's brief in opposition. Furthermore, even if the court relied on the state's jurisdictional argument, "[a]n appellate court shall affirm a trial court's judgment that is legally correct on other grounds, that is, one that achieves the right result for the wrong reason, because such error is not prejudicial." *Gunton Corp. v. Architectural Concepts*, Cuyahoga App. No. 89725, 2008-Ohio-693, at ¶ 11, citing *Reynolds v. Budzik* (1999), 134 Ohio App.3d 844, 732 N.E.2d 485, at fn. 3.

{¶ 8} R.C. 4511.19(G)(1)(d)(i)-(ii) states in pertinent part as follows: "If the offender is being sentenced for a fourth degree felony OVI offense[,] * * * the court may

impose upon the offender a mandatory term of local incarceration of sixty days.   * * * If the court imposes a mandatory prison term * * *, the court also may sentence the offender to a community control sanction for the offense, but the offender shall serve all of the prison terms so imposed prior to serving the community control sanction."   For our purposes, local incarceration is defined as "jail."   R.C. 2929.01(II).

{¶ 9}   Varholick is partially correct.   The trial court cannot impose community control sanctions prior to his serving the mandatory term of incarceration.   However, the facts of the current case do not support such an argument.   The trial court's sentencing entry of January 9, 2009, is silent as to the date of its beginning or termination. Varholick began serving his 60-day jail term on February 23, 2009.   He could not be, and indeed was not, statutorily punished for violating community control sanctions until after his release from that prison term.

{¶ 10} Moreover, pursuant to Crim.R. 52(A), any error, defect, irregularity, or variance that does not affect a substantial right shall be disregarded.   No substantial right was affected. Varholick was punished for violating the community control sanctions after the 60-day prison term expired in accord with R.C. 4511.19(G)(1)(d)(i).   The trial court did not commit reversible error in denying Varholick's motion to correct an improper sentence.   We accordingly overrule his sole assignment of error.

{¶ 11} The judgment of the trial court is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

SEAN C. GALLAGHER, PRESIDING JUDGE

KATHLEEN ANN KEOUGH, J., and
EILEEN A. GALLAGHER, J., CONCUR