[Cite as *State v. Varholic*, 2015-Ohio-20.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 101524**

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**JAMES VARHOLIC**

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-06-485615-A

**BEFORE:** Kilbane, J., Jones, P.J., and E.A. Gallagher, J.

**RELEASED AND JOURNALIZED:** January 8, 2015

**APPELLANT**

James Varholic #573-485, pro se
Marion Correctional Institution
940 Marion-Williamsport Road
P.O. Box 57
Marion, Ohio 43301-0057


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
Frank Romeo Zeleznikar
Assistant County Prosecutor
The Justice Center - 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

MARY EILEEN KILBANE, J.:

{¶1} Defendant-appellant, James Varholic ("Varholic"), pro se, appeals from the trial court's denial of his motion to return forfeited property. For the reasons set forth below, we conclude that because Varholic's claim has been repeatedly denied, this matter is barred by res judicata. We therefore affirm.

{¶2} On August 30, 2006, Varholic was indicted on two counts in Case No. CR-06-485615-A. Count 1 charged him with driving under the influence of alcohol, with furthermore clauses alleging that he had been convicted of driving under the influence of alcohol in July 2003, October 2003, November 2003, and February 2005, and an additional furthermore clause alleging that he refused to submit to a breathalyzer test. Count 2 charged him with possession of drugs, to wit: Boldenone and/or Duratest, anabolic steroids.

{¶3} The matter proceeded to trial on January 5, 2007. On January 16, 2007, the court found Varholic guilty of Count 1, driving under the influence of alcohol, a fourth-degree felony, and the furthermore specification that he refused the breathalyzer test. On Count 2, he was found not guilty of drug possession. The trial court ordered a presentence investigation report and the matter was set for sentencing on February 23, 2007. On February 20, 2007, the state filed a petition for forfeiture of seized contraband in order to obtain Varholic's 2002 Ford F-150 truck.

{¶4} At the sentencing hearing, the trial court sentenced Varholic to 30 months of imprisonment, three years of postrelease control sanctions, suspended his driver's license, and noted that the sentence was stayed pending appeal. The trial court also granted the state's motion for forfeiture of the 2002 Ford F-150 truck. Varholic appealed to this court, challenging

the evidence supporting the conviction and the furthermore clauses. This court affirmed the conviction in *State v. Varholic*, 8th Dist. Cuyahoga No. 89627, 2008-Ohio-962 (*"Varholic I"*).

{¶5} Then, on January 9, 2009, the trial court held a resentencing hearing,[1] sentencing Varholic to 60 days in jail, 24 months of community control sanctions with regular supervision, and also ordered him to attend alcohol counseling meetings. The sentence further provided that if Varholic violated the terms of community control, he would be sentenced to 30 months of imprisonment. In addition, the trial court issued an order of forfeiture for the 2002 Ford F-150 truck on March 6, 2009.

{¶6} On July 11, 2009, Varholic was charged in Case No. CR-09-526692-A with two counts of driving under the influence. The second count included a furthermore clause that he had a previous conviction for driving while under the influence. He entered a guilty plea to the second count, and in exchange, the first count was dismissed. The trial court sentenced Varholic to four years in prison.

{¶7} In addition, on July 23, 2009, Varholic was sentenced to 30 months in prison for violating the terms of community control he received in Case No. CR-06-485615-A. *See State v. Varholick* [sic], 8th Dist. Cuyahoga No. 94187, 2010-Ohio-5132 (*"Varholic II"*).

{¶8} On April 22, 2010, Varholic filed a pro se motion to correct improper sentence. This motion did not challenge the forfeiture of the 2002 Ford F-150 truck. The trial court denied the motion and this court affirmed. *State v. Varholick* [sic], 8th Dist. Cuyahoga No. 96464, 2011-Ohio-5277 (*"Varholic III"*). Approximately one year later, on February 28, 2011, Varholic filed a pro se motion to return the forfeited 2002 Ford F-150 Truck. The trial court

---

[1]It is not clear from the record, but it appears that this hearing may have been in response to another hearing held in 2008.

denied this motion on March 10, 2011. On January 27, 2012, Varholic, again, filed a pro se motion for return of the truck. The trial court denied this motion on May 31, 2012. On November 22, 2013, he once again moved the trial court to return the forfeited truck. The trial court denied the motion. Varholic now appeals, assigning the following errors for our review.

Assignment of Error One

The trial court prejudicially erred by disregarding the statutory requirements of R.C. 2933.43(c); R.C. 4511.19(g)(1)(c)(v), in accordance with R.C. 4503.234 (a); by failing to give the defendant the opportunity to be heard before forfeiting the defendant's property in violation of the constitution of the United States, 14th Amendment and the Constitution of Ohio, Article I, Section 16, due process clause(s), and Ohio law.

Assignment of Error Two

The trial court prejudicially erred in its "exercise of jurisdiction" by ordering the forfeiture of the defendant's property which exceeded the trial court's authority and is plain error and is voidable.

{¶9} The doctrine of res judicata is applied in criminal cases to bar further litigation of issues that were previously raised or that could have been raised previously in an appeal. *State v. Brooks*, 8th Dist. Cuyahoga No. 98380, 2012-Ohio-5292, ¶ 7, citing *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph nine of the syllabus. The doctrine also bars claims regarding a trial court's forfeiture of property where the arguments were previously raised and rejected or claims that could have been raised on direct appeal but the defendant failed to do so. *State v. West*, 8th Dist. Cuyahoga Nos. 97398 and 97899, 2014-Ohio-198; *State v. Alt*, 8th Dist. Cuyahoga No. 98313, 2012-Ohio-5182.

**{¶10}** In this matter, the trial court issued a journal entry granting the petition for forfeiture of the truck on February 27, 2007. No challenge to the forfeiture of the truck was included within Varholic's direct appeal in *Varholic I*. On March 6, 2009, the trial court issued a second order of forfeiture of the truck, but Varholic did not assert a timely challenge to this order.

**{¶11}** Then, on February 28, 2011, approximately four years after the trial court imposed the initial forfeiture order, Varholic challenged the forfeiture of the truck. The trial court denied this motion on March 10, 2011. Despite that denial, Varholic filed a second motion for return of the truck on January 27, 2012. The trial court denied this motion on May 31, 2012. Varholic did not appeal the forfeiture of his truck until after the trial court denied his third motion in November 2013. The appeal from this third successive motion is barred by res judicata and is therefore without merit.

**{¶12}** In any event, the record indicates that Varholic was provided notice and an opportunity to be heard prior to the forfeiture being imposed. The state provided him with written notice and an opportunity to be heard pursuant to R.C. 4503.234. In addition, pursuant to R.C. 4511.19, forfeiture was a mandatory part of the sentence for the offense.

**{¶13}** We find the assignments of error without merit.

**{¶14}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY EILEEN KILBANE, JUDGE

LARRY A. JONES, SR., P.J., and
EILEEN A. GALLAGHER, J., CONCUR