[Cite as *State v. Lenard*, 2024-Ohio-5008.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,            :

                        No. 113878

    v.                             :

RICHARD LENARD,                         :

    Defendant-Appellant.           :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** October 17, 2024

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-05-463837-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Daniel T. Van, Assistant Prosecuting Attorney, *for appellee.*

Richard Lenard, *pro se.*

LISA B. FORBES, J.:

{¶ 1}  Richard Lenard ("Lenard"), acting pro se, appeals from the trial court's journal entry denying his "motion to vacate void abinitio forfeiture orders for lack of subject matter jurisdiction." After reviewing the facts of the case and pertinent law, we affirm the trial court's judgment.

## I.    Facts and Procedural History

{¶ 2}    In December 2005, Lenard pled guilty to various felony offenses related to a "criminal scheme of fraud involving real property" and agreed to the forfeiture of firearms, ammunition, and "items to be determined by the prosecutor's office" that were seized by the authorities in conjunction with this case. *State v. Lenard*, 2013-Ohio-1995, ¶ 2 (8th Dist.) ("*Lenard III*"); Dec. 7, 2005 journal entry memorializing plea agreement.  On March 16, 2006, the court sentenced Lenard to four years in prison and ordered that this sentence run consecutive to Lenard's 11-month prison sentence in *State v. Lenard*, Cuyahoga C.P. No. CR-05-468589-A.

{¶ 3}    On March 20, 2006, the court ordered that "$66,295.89 shall be paid in restitution out of funds currently held by the State of Ohio and/or Shaker Heights Police Department . . . ."  On April 28, 2006, the court journalized an entry of "forfeiture of seized contraband" in this case, detailing the additional items to be forfeited, including two firearms, $162, and various electronic items such as speakers, a large-screen television, and computer equipment.

{¶ 4}    Lenard did not file a direct appeal of his guilty plea, his sentence, the restitution order, or the forfeiture order.

{¶ 5}    In 2007, Lenard was granted judicial release, and the court placed him on five years of community-control sanctions ("CCS").  Lenard violated his CCS, and in May 2009, the court terminated his CCS and ordered him to serve the remainder of his prison term.  Lenard "has been unable to abide by the conditions of his [CCS] or the laws of this state and has been convicted in several other cases."

*Lenard III* at ¶ 4. This "case then wound its way through a tortured appellate history, spawning various appeals, writs, and attempts to correct [a sentencing] error." *Lenard III* at ¶ 1. The trial court corrected the sentencing error and this court affirmed in *Lenard III*. For a detailed procedural history of this case, *see State v. Lenard*, 2010-Ohio-81 (8th Dist.); *State v. Lenard*, 2011-Ohio-1571 (8th Dist.); and *Lenard III*. Suffice it to say that Lenard remains incarcerated to this day.

{¶ 6} In addition to Lenard's appellate filings in this court, he filed countless motions in the underlying criminal case in the trial court. As related to the instant appeal, on March 6, 2024, Lenard filed a "motion to vacate void abinitio forfeiture orders for lack of subject matter jurisdiction." The court denied this motion on April 9, 2024, and it is from this order that Lenard appeals raising two assignments of error for our review:

> I. The trial court acted without authority to subject appellant's bank account $99, 162.00, guns, ammo & other items to forfeiture when the State failed to comply with the mandatory procedural requirements of R.C. 2933.43(C).
>
> II. The trial court . . . lacks authority to order the disposition of forfeited contraband to pay restitution.

## II. Law and Analysis

### A. Pro Se Litigants

{¶ 7} The Ohio Supreme Court has repeatedly held that "pro se litigants . . . must follow the same procedures as litigants represented by counsel." *State ex rel. Gessner v. Vore*, 2009-Ohio-4150, ¶ 5. "It is well-established that pro se litigants are presumed to have knowledge of the law and legal procedures and that they are

held to the same standard as litigants who are represented by counsel." *Sabouri v. Ohio Dept. of Job & Family Servs.*, 145 Ohio App.3d 651, 654 (10th Dist. 2001).

## B. Forfeiture of Items as Part of Lenard's Plea Agreement

{¶ 8} In Lenard's first assignment of error, he argues as follows: "The issue presented before this court is whether the state has complied with the mandatory procedural requirements of R.C. 2933.43(C), giving the trial court authority to proceed with forfeiture in this instant case." In Lenard's second assignment of error, he argues that the "trial court lacked authority to order the disposition of forfeited contraband to pay restitution in this instant case due to the fact that the State failed to confer jurisdiction to the trial court giving it authority to proceed in the forfeiture of Appellant's property." Because these two assignments of error are interrelated, we review them together.

{¶ 9} In both of his assignments of error, Lenard challenges the jurisdiction of the trial court. "[W]hen a specific action is within a court's subject-matter jurisdiction, any error in the exercise of that jurisdiction renders the court's judgment voidable, not void. . . . Generally, a voidable judgment may be set aside only if successfully challenged on direct appeal." *State v. Harper*, 2020-Ohio-2913, ¶ 26.

{¶ 10} Former R.C. 2933.43(C), which was in effect at the time the items in question were forfeited, was repealed in 2006. The statute stated that the "prosecuting attorney . . . shall file a petition for forfeiture, to the seizing law enforcement agency of the contraband seized . . . ." In *State v. McGuire*, 2006-Ohio-

1330, ¶ 24 (8th Dist.), this court held that when forfeiture is part of a criminal defendant's plea agreement, the prosecutor need not comply with R.C. 2933.43(C). "It is clear from the record that the forfeiture of the seized money was a voluntary forfeiture by McGuire as part of the plea agreement. Because the parties' agreement governed the forfeiture of McGuire's property, adherence to the forfeiture procedures laid out in R.C. 2933.43 was unnecessary." *Id.*

{¶ 11} In the case at hand, it is undisputed that the forfeiture of several items was part of Lenard's plea agreement. As stated earlier in this opinion, this was memorialized in the December 2005 journal entry reflecting Lenard's guilty plea. Furthermore, our review of the transcript from Lenard's plea hearing shows that the prosecutor put the terms of the plea agreement on the record by stating in open court, and in Lenard's presence, the following:

> Your Honor, as part of these plea arrangements in these two cases, the defendant has agreed to forfeit and/or use for restitution monies that were seized by the Shaker Heights Police Department, namely $85,091.60 from a Bank One account that defendant had, $12,046 the defendant had in another Bank One account, $2,079.52 that the defendant had in a . . . Parkview Federal [account].

> Further, Your Honor, the defendant has agreed to forfeit guns and ammunition that were seized from his residence by the Shaker Heights Police Department on the 6th day of January 2005.

{¶ 12} Upon review, we find that because former R.C. 2933.43(C) did not apply to the agreed-upon forfeiture of the items, the prosecutor's failure to file a petition for forfeiture under the statute did not divest the trial court of jurisdiction to order forfeiture in the case at hand.

## C. Res Judicata

{¶ 13} In addition to challenging the trial court's jurisdiction to order forfeiture, a careful reading of Lenard's appellate brief reveals that he makes various nonjurisdictional arguments regarding the forfeiture order in this case. For example, Lenard argues that the "trial court acted arbitrarily, unreasonably or unconscionably in this matter when it determined [his] property to be contraband and ordered his property to pay restitution . . . ." Lenard also argues that the "trial court failed to allow [him] proper notice to prepare, and the opportunity to prove his claim in a proper evidentiary hearing to contest the retention by the State of his business bank account, guns, ammo, and other items."

{¶ 14} Upon review, we find that these arguments are barred by the doctrine of res judicata.

{¶ 15} "Res judicata bars the assertion of claims against a valid, final judgment of conviction that have been raised or could have been raised on appeal." *State v. Ketterer*, 2010-Ohio-3831, ¶ 59. "The doctrine also bars claims regarding a trial court's forfeiture of property where the arguments were previously raised or rejected or claims that could have been raised on direct appeal but the defendant failed to do so." *State v. Varholic*, 2015-Ohio-20, ¶ 9 (8th Dist.). In *Varholic*, the trial court ordered forfeiture of a truck in a criminal case in February 2007. *Id.* at ¶ 10. The defendant filed a direct appeal, but did not challenge the forfeiture order. *Id.* Four years later, in February 2011, the defendant challenged the forfeiture of the truck by filing a motion in the trial court. *Id.* at ¶ 11. The trial court denied the

defendant's motion in March 2011. *Id.* The defendant filed a second motion in the trial court for return of the truck in January 2012 and a third motion in November 2013. *Id.* The trial court denied these motions. *Id.* The defendant appealed the denial of the third motion, and this court held that the "appeal from this third successive motion is barred by res judicata and is therefore without merit." *Id.*

{¶ 16} In the case at hand, Lenard pled guilty in December 2005 and part of his guilty plea included his agreement to forfeit various items that were seized by the authorities as part of the criminal investigation in this case. Lenard agreed to forfeiture on the record in open court during the plea hearing, and it was memorialized in the accompanying journal entry. Additionally, as noted previously in this opinion, the trial court issued various subsequent journal entries related to forfeiture in this case. Lenard did not appeal any of these journal entries, and in the multitude of appeals he did file, he did not challenge the issue of forfeiture. Now, over 18 years later, Lenard is challenging the forfeiture in this case. In applying well-established Ohio law, we find that this issue is barred by res judicata. The trial court did not err by denying Lenard's motion to vacate the forfeiture orders.

{¶ 17} Accordingly, Lenard's two assignments of error are overruled.

{¶ 18} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LISA B. FORBES, JUDGE

MICHELLE J. SHEEHAN, P.J., and
MARY J. BOYLE, J., CONCUR

Motion to vacate forfeiture order; subject-matter jurisdiction; forfeiture as part of guilty plea; res judicata.

In December 2005, the defendant pled guilty to various offenses and, as part of the plea, agreed to forfeit several items. The defendant did not file a direct appeal. The defendant was sentenced to a lengthy prison term in various other cases in Ohio. The defendant filed multiple appeals, writs, and motions in the trial court. Related to this appeal, in March 2024, the defendant filed a motion to vacate the forfeiture order from 2005. Because the defendant agreed to forfeiture as part of his plea, the prosecutor's failure to file a petition for forfeiture did not divest the trial court of jurisdiction. Furthermore, the defendant's arguments challenging forfeiture are barred by the doctrine of res judicata.